### No. 12,062.

### STATE OF LOUISIANA VS. BAKER SMITH.

A complete foundation has been laid for the introduction of dying declarations in evidence by making proof that the attending physician had told the deceased that his wounds were dangerous; that the deceased had stated that he was

State vs. Smith.

going to die; that at the time of making his statement his extremities were cold, and shortly afterward he died.

The evidence objected to as *new* evidence not in rebuttal not being before us, we must accept the trial judge's statement that it was not, and sustain his rulings. conformably thereto.

APPEAL from the Seventh Judicial District Court for the Parish of East Carroll.   *Montgomery, J.*

*M. J. Cunningham*, Attorney General, and *Joseph E. Ransdell*, District Attorney, for Plaintiff, Appellee.

*Clifton F. Davis, John B. Stone* and *H. P. Wells, Jr.*, for Defendant, Appellant.

Submitted on briefs February 15, 1896.
Opinion handed down February 24, 1896.

The opinion of the court was delivered by

WATKINS, J.   Baker Smith and George Smith were jointly indicted on a charge of murder, and a severance of trial having been granted, and the former having been tried and convicted of manslaughter and sentenced to twenty years' imprisonment at hard labor in the State penitentiary, he has appealed.

I.

The first bill of exceptions was by defendant reserved to the testimony of one witness as to certain statements of the deceased as his dying declarations, on the ground that a proper foundation had not been laid for their introduction.

The statement of the trial judge is, that the proof furnished by another witness who had previously testified on the same subject in behalf of the State showed that the deceased had said to him, that he was going to die.

That the witness to whose testimony objection was taken said that, at the time of the deceased making his statement, his hands and feet were cold, and there was every sign of impending death. That the attending physician had previously testified that the deceased was shot through the breast, and that he had informed him that he was very dangerously wounded.

That all the proof showed that the death of the deceased occurred within one hour after the statement he made to the witness whose evidence is in question.

On this summary of the evidence the judge relied in holding that a proper foundation had been laid, and we think his judgment was well founded.   State vs. Keenan, 38 An. 660;   State vs. Scott, 12 An. 274;   State vs. Newhouse, 39 An. 862;   Whar. Crim. Ev., Secs. 282, 286;   1 Bishop Crim. Proc., Sec. 1212.

### II.

The second bill relates to the refusal of the judge to sustain defendant's objection to certain questions which were propounded by the District Attorney to his witness while under examination.

The statement made by defendant's counsel in the bill is that on the cross-examination of one of his witnesses she was asked if she had not heard one Hannah Hamilton remark the day after the shooting occurred that she also had been shot at the time the accused shot and killed John Giles, for the murder of whom the defendant was indicted; and that to this testimony counsel had urged the objection that the witness had not been questioned on that point in his examination-in-chief, and that it did not serve to explain anything brought out in the direct examination of the witness, nor to test the credibility of the witness—the judge remarking at the time that "the District Attorney had the right to find out all the witness knew."

The judge assigns as the reason for overruling the objection that the question asked was, in his opinion, in rebuttal of the evidence of Hannah Hamilton, which had been offered by the defence to the effect that she had been shot in the fight between the accused and the deceased.   That the witness whose testimony is in question had testified relative to all, or nearly all, the circumstances of the killing, and the cross-examination was, in (his) opinion, intended to test the credibility of the witness, and the objection was overruled for that reason."

Taking all the statements together, there is nothing to show that the testimony objected to was not in rebuttal of the testimony in chief; and this being so, the objection disappears.   State vs. Boswell, 45 An. 1158.

### III.

The third bill relates to certain evidence which the State offered in rebuttal, but which defendant's counsel claims was testimony in chief.

The statement of the defendant is that the State offered to show that certain pistol balls belonged to George Smith, the brother of the accused, who is jointly indicted, and that he objected to same on the ground that he had offered proof only to the effect that the pistol balls were of the *same kind* as those the deceased had at the time of the killing, and not to prove that he was the owner of them.

And the statement of the judge is that the objection was overruled because the pistol had been offered in evidence by the defence, and much evidence had been introduced concerning the same, and with reference to cartridges, also, which were said to have been found on or near the deceased, the tendency of which was to prove that the pistol belonged to the deceased.

The complaint of defendant's counsel chiefly is that the case having been closed on the part of the accused, the ruling of the court imposed upon him a great hardship from the effect of which he is entitled to be relieved; but in the light of the judge's statement we can not view it in that way. The question of the *ownership* of the *particular* pistol balls may not have been gone into by the defence; but it is quite evident that questions of a closely kindred nature have been explored, the object of which was to place the matter in doubt as to the party using them. In response it was a proper inquiry to ascertain their ownership.

### IV.

The fourth bill relates to the declination of the judge to permit the defendant to introduce additional testimony in reference to the pistol balls, after the State had closed her evidence in rebuttal, and had submitted the case—said evidence relating to the size and shape of the balls, and to the general effect that same could not have been reasonably used by the accused in the pistol which had been exhibited to the jury.

In his statement, the judge recapitulated the facts adduced to the effect that the pistol to which the cartridges in question belonged was that owned by George Smith, the brother of the accused on trial and his co-defendant; and hence, in his opinion, the evidence

referred to was strictly in rebuttal, as stated and explained in the previous paragraph, and the defendant was not entitled to reopen the question after the case had been closed, on the theory that this was new evidence.

Our examination of this case has satisfied us that the trial judge has committed no error in the rulings he made.

Judgment affirmed.